# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| VS. | : CRIMINAL NO.: 12-00202-KD |
| WESLEY ALLEN BLANKENSHIP, | : |
| Defendant. | : |

## ORDER OF DETENTION

This matter is before the Court on the Government's motion for pretrial detention filed on October 10, 2012 (Doc. 8). On October 15, 2012, a detention hearing was held in accordance with the Bail Reform Act, 18 U.S.C. § 3142. The Government was represented by Assistant United States Attorney Michelle O'Brien and the defendant was present and represented by appointed counsel, Lila Cleveland, Esq.

After careful consideration of all the evidence and other information provided during the hearing, the Court finds that clear and convincing evidence as to dangerousness and a preponderance of the evidence as to risk of flight establishes that there are no release conditions or combination of release conditions that will reasonably assure community safety and the defendant's appearance if released.[1]

**I. FINDINGS OF FACT**

The defendant is charged in a two-count indictment that was returned by a grand jury on September 6, 2012 (Doc. 1). Therein, it is charged that on or about May 27, 2012, Blankenship

---

[1] The Government presented its information by proffer, including a photograph of the injuries defendant caused Michael Early (Govt. Ex. 1), and adopted the information contained in the Pretrial Services Report. The defendant presented information through a proffer presented by his attorney.

illegally possessed a Romarm/Cugir 7.62x39 caliber pistol after having been convicted of Burglary, Third Degree and Burglary, Second Degree, both felony offenses in 2000 and 2003. He is also charged with unlawful possession of Brown Bear Brand 7.62x39 rifle ammunition by a convicted felon. The indictment establishes that a grand jury has found that there is probable cause to believe that he has violated 18 U.S.C. § 922(g)(1).

The defendant is thirty-three years old and has resided in Thomasville, Alabama all his life except in 2004-2007 when he resided in Foley, Alabama. He lives with his parents in their Thomasville home after "complications" with his current girlfriend. The defendant's two minor children live with their mother in Wilmer, Alabama.

Defendant reports assets in the amount of $8,000 and appears to be dependent upon his parents for a residence even though he is employed.

The defendant's educational background was not reported but he is employed as an ironworker with Air Tech Construction. When not on the job with Air Tech, he works various carpentry jobs.

Blankenship has sight in only one eye and takes Lortabs for "back problems."

Although no mental health issues have been reported, the defendant admitted to using the following illegal substances: marijuana on October 9, 2012, cocaine daily and ecstasy weekly between the ages of 21 and 25 and methamphetamine four to five times approximately two years ago. He has used alcohol since the age of 10 and typically drinks a six pack of beer after work. Mr. Blankenship currently attends AA and anger management meetings each Thursday as ordered by a court.

His criminal history contains strong evidence that he should be considered a danger to the community. The most recent incident that gives the Court a very clear picture of the lengths to

which Blankenship will go to injure others in the community is his arrest earlier this year for an attack on Michael Early. The photograph taken of Early clearly shows the vicious injuries inflicted by the defendant.[2] Although this is the most recent violent outburst by the defendant, it is not an isolated event. He was involved in fights in both 2004 and 2006 that resulted in injuries that required medical treatment.

The defendant has been convicted of two felonies in October, 2000 and October, 2002. The first conviction was for Burglary, Second Degree. He received a split sentence and ordered to serve five years on probation. His probation was revoked in 2005 after his conviction and sentence for Burlary, Third Degree in 2002. His probated sentence on the second felony conviction (2002) was also revoked in 2005 and then again in 2008. His other convictions include DUIs (2005 & 2008), battery and disorderly conduct, Criminal Mischief, Third Degree, carrying a pistol without a permit[3] and attempting to elude police, harassment, possession of marijuana, second degree, and fifteen traffic citations. These citations include driving while his license suspended by a person clearly suffering from alcohol abuse, creating a most dangerous situation.

II. **Analysis**

1. **Basis for a Detention Hearing**. Detention hearings are to be held on motion of the United States under the circumstances outlined in 18 U.S.C. § 3142(f). The possession of a firearm by a convicted felon falls squarely within the group of cases for which detention hearings are appropriate. 18 U.S.C. § 3142(f)(1)(E).

---

[2] Assault, First Degree charges are pending trial and the defendant was released on bond in the amount of $30,000.

[3] The guilty plea and sentence are dated April 7, 2010, subsequent to his prior felony convictions. Clearly, but for negotiations with the prosecution with court approval, he could have faced a third felony conviction, possession of a firearm by a convicted felon.

2.    **Factors Considered**.  Once the detention hearing is completed, if the Court finds that no release conditions or combination of conditions will reasonably assure the appearance of the defendant or the safety of any other person and the community, the defendant must be detained.  18 U.S.C. § 3142(e)(1).  When considering whether to detain a defendant, the Court considers the nature and circumstances of the offense including whether the crime involves a firearm.  Additionally, the weight of the evidence against the defendant, his history and characteristics and the nature and seriousness of the danger to the community should he be released are also considered.  18 U.S.C. § 3142(g).  The following factors contain strong support for the Government's motion to detain.

This is a serious felony involving the possession of a handgun by a defendant previously convicted for burglary second and third.[4]  The weight against the defendant is substantial given the testimony of the arresting officers, the recovery of the handgun and ammunition, the defendant's criminal history and the defendant's incriminating statements.

The defendant lives with his parents and apparently needs their continuing emotional and financial support even though his is 33 years old, is employed and has fathered two minor children.  The employment reported is for about six months a year and there is no indication of the specific months.  His other employment is dependent upon his willingness to work and the availability of carpentry jobs – none were identified.

It is logical to assume that the defendant's habit for using controlled substances from the age of twenty-one and alcohol since the age of ten has a direct correlation to the commission of drug-related and firearms-related crimes.  There is no evidence to believe that his proclivity for

---

[4]  This would also constitute a second occasion where the defendant illegally possessed a firearm.  In 2010, he was allowed to plead to a misdemeanor charge.

using drugs/alcohol and committing crimes involving drugs/alcohol and/or firearms would be deterred at all by release conditions that are available.

## IV.     Conclusion

There are no reasonable release conditions or combination of release conditions available that will reasonably assure the appearance of the defendant for trial or community safety from Blakenship, a recidivist felon that has clearly shown that he is not deterred from engaging in serious criminal activity while on release.  When all relevant factors are considered and weighed, it is clear that other than the facts that his mother and father stand by him and support him and that he is employable, all other factors weight heavily in favor of detention. Therefore, the motion for pretrial detention is **GRANTED.**

## V.     Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

DONE AND ORDERED this 6th day of November, 2012.

s/WILLIAM E. CASSADY  
UNITED STATES MAGISTRATE JUDGE